# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

STEPHEN MUNN, Individually,
and PURPLE PELICAN, Inc.                                                   PLAINTIFF

V.                                              CAUSE NO. 1:12CV97-LG-JMR

CITY OF OCEAN SPRINGS                                          DEFENDANT

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

BEFORE THE COURT is the Motion for Preliminary Injunction [10] filed by Plaintiffs Stephen Munn, individually, and as the Manager/President of Purple Pelican, Inc., pursuant to Federal Rule of Civil Procedure 65.  Plaintiffs seek a preliminary injunction "enjoining the City of Ocean Springs . . . from any act in furtherance of criminal prosecution under City Ordinance No. 14-2007, Section 15-13.1 et seq. or enforcing said ordinance in any way . . . ."  (Mot. 1, ECF No. 10).  The City has responded and Plaintiffs have filed a rebuttal.  For the reasons discussed below, the Motion is denied.

### BACKGROUND

Plaintiffs filed this action against Defendant City of Ocean Springs in the Chancery Court of Jackson County, and it was removed to this Court. (ECF No. 1). Munn is the manager of the Purple Pelican, a lounge in Ocean Springs.  The Complaint alleges that a noise ordinance promulgated by Ocean Springs is unconstitutional.  Munn complains that the enforcement of the noise ordinance places him at risk of criminal sanctions and adversely affects the operation of the Purple Pelican.

He now seeks a preliminary injunction to enjoin any enforcement of the ordinance. Munn claims he "has been the subject of threats of repeated criminal prosecution" and that he has been cited and prosecuted under the noise ordinance. (Mot. at 1-2, ECF No. 10). Munn argues that unless emergency relief is granted immediately, he "will suffer irreparable harm to himself and his business." (*Id.* at 2.) Munn claims that this harm "far outweighs the threat of harm, if any, to the City" if the emergency relief is granted. *Id.*

The ordinance at issue provides in pertinent part:

> It shall be unlawful for any person to make, cause, or, on premises under his or her legal control, permit to be made any unreasonable noise . . . "unreasonable noise" . . . is defined to mean any unreasonably loud, raucous, or jarring sound or vibration which is not constitutionally protected speech . . . and which, under the circumstances of time, place, and manner in which it is produced and audible or perceptible, annoys, disturbs, injures, or endangers the comfort, repose, health, peace, or safety of a reasonable person of normal sensitivities[.]

(Mot. Ex. A 1, ECF No. 10-1). The ordinance further provides that a violation thereof can be punishable as a misdemeanor subject to a fine of up to five hundred (500) dollars or up to ninety (90) days' imprisonment, or both. (Mot. Ex. A 2, ECF No. 10-1).

In support of his Motion, Munn presents evidence that he was cited for violating the ordinance in November 2011, but those charges were subsequently dismissed. (Mot. Ex. B, ECF No. 10-2). Munn claims that he continues to be under threat of prosecution, but he has not presented evidence of any additional citations

or prosecutions. Munn also submits a letter sent by his counsel to the City, informing it that the ordinance was unconstitutionally vague and requesting that it be repealed, and citing *Nichols v. City of Gulfport*, 589 So. 2d 1280 (Miss. 1991). (Mot. Ex. C, ECF No. 10-3). In *Nichols*, the Mississippi Supreme Court held that a noise ordinance passed by the City of Gulfport was unconstitutional. 589 So. 2d at 1282. Munn argues that the ordinance he challenges and the noise ordinance in *Nichols* are "essentially the same." He further claims that the City's lack of response to his counsel's letter demonstrates that "additional prosecutions remain a threat" to him. (Mot. at 2, ECF No. 10). According to Munn, if the prosecutions continue, he and his business "will be irreparably harmed, and there is a threat [he] would thus be unable to meet the obligations of the lease." *Id.*

The City responds that Munn has not met the required elements of a preliminary injunction, and the Motion should be denied. The City argues that the ordinance at issue here is different from the noise ordinance in *Nichols* because the Ocean Springs ordinance incorporates a "reasonable person" standard. The City submits that the "reasonable person" standard has been upheld by the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. The City further argues that Munn has not demonstrated any loss of income caused by the ordinance, and points out that the Purple Pelican has continued to operate and host musical acts since Munn was cited for a violation of the ordinance. (Resp. 10, ECF No. 12). Finally, the City maintains that a preliminary injunction would interfere with its rational exercise of police powers, and would be detrimental to the

general welfare and public interest by taking away the peace and tranquility of a historic single family residential district.

## ANALYSIS

A preliminary injunction is considered an "extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir.1991) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). In order to receive such relief, the plaintiff must establish the following requirements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citing *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)).

Munn has not clearly carried the burden on all four of the requirements for a preliminary injunction. First, he has not demonstrated a substantial likelihood of success on the merits. Munn relies primarily on *Nichols v. City of Gulfport* to argue that the Ocean Springs ordinance is unconstitutional. As noted above, the *Nichols*

4

court held that a noise ordinance passed by the City of Gulfport was void for vagueness. 589 So. 2d at 1284. That ordinance prohibited "*unnecessary or unusual* noises ... which either *annoys*, injures or endangers the comfort, repose, health or safety of others ..." *Id.* at 1282. The Mississippi Supreme Court held that this language did not "provide clear notice and sufficiently definite warning of the conduct that is prohibited." *Id.*

However, the language of the Ocean Springs ordinance at issue here differs from the noise ordinance in *Nichols*. The Ocean Springs ordinance prohibits "unreasonable" noises which are "unreasonably loud, raucous, or jarring," and which "annoy[], disturb[], injure[], or endanger[]" the peace of a reasonable person. The Ocean Springs ordinance prohibits *unreasonable* noises, while the Gulfport ordinance prohibited *unnecessary* or *unusual* noises. In holding the Gulfport ordinance to be unconstitutional, the Mississippi Supreme Court focused on the terms "unusual," "unnecessary," and "annoys." The Court stated: "[t]he adjectives "unnecessary" and "unusual" modifying the noun "noises" are inherently vague and elastic and require men of common intelligence to guess at their meaning. The same may be said of the verb "annoys." *Id.* at 1283 (citing *United Pentecostal Church v. Steendam*, 214 N.W.2d 866 (1974)). In contrast, the Ocean Springs ordinance does not use the terms "unnecessary" or "unusual." Munn is correct that the United States Supreme Court has also held the term "annoying" to be unconstitutionally vague. *See Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)

5

(holding an ordinance prohibiting conduct that was "annoying to persons passing by" was unconstitutionally vague because "[c]onduct that annoys some people does not annoy others.") However, the language in the ordinance at issue in *Coates* was much broader than the ordinance at issue in this case, and the Ocean Springs ordinance does not solely prohibit "annoying" conduct; it also includes conduct that "injures," "disturbs" and "endangers" the repose or peace of the reasonable person.

Furthermore, as the City points out, a number of courts have held noise ordinances that relied on the "reasonableness" standard to be constitutional. *See, e.g., Reeves v. McConn*, 631 F.2d 377 (5th Cir. 1980) (holding a noise ordinance that required "sound amplification to be controlled so that it [was] not unreasonably loud" was not unconstitutionally vague, and noting that the "Supreme Court has approved the use of the word 'unreasonably' in similar statutes that are otherwise precise and narrowly drawn.") (citing *Cameron v. Johnson*, 390 U.S. 611, 615-16 (1968)). In his reply brief, Munn points to a case in which the Supreme Court of Virginia rejected the "reasonable person" standard in a noise ordinance promulgated by the City of Virginia Beach. *See Tanner v. City of Va. Beach*, 674 S.E. 2d 848, 853 (Va. 2009) (holding a noise ordinance prohibiting "unreasonably loud, disturbing and unnecessary noise" to be unconstitutional, and stating that "references in the ordinance to 'reasonable persons' . . . do not provide a degree of definiteness sufficient to save the ordinance from the present vagueness challenge.") The Court agrees with Munn that "throwing in a 'reasonable man' standard into an ordinance should not magically take [it] out of the realm of scrutiny." (Pl.'s Reply 5,

6

ECF No. 19).  However, in order to grant a preliminary injunction, the Court must be convinced that Munn is substantially likely to succeed on the merits of his claim.  The Court makes no finding regarding the constitutionality of the ordinance at the present time.  The Court does find, however, that at this point, Munn has at best shown a *possibility* that the ordinance could be unconstitutionally vague; he has not clearly demonstrated that it is *substantially likely* his challenge to the ordinance will be successful.  As noted above, Munn must "clearly carry the burden of persuasion on all four requirements" in order to be entitled to a preliminary injunction.  *Bluefield,* 577 F.3d at 253.  As Munn has failed to meet the first requirement, the motion will be denied.  Nevertheless, the Court will briefly address the remaining requirements.

Munn claims he is under "substantial threat of irreparable injury" because he has been prosecuted in the past and he is under a continued threat of criminal prosecution.  However, the citation Munn received last year resulted in dismissed charges, and Munn has not presented any evidence of a "continued threat" of prosecution.  It appears that the Purple Pelican has continued to operate and host musical events without prosecution under the noise ordinance since November of last year.  Moreover, Munn has not substantiated his claims that he may be unable to comply with his lease if the ordinance remains in effect for the time being.  Therefore, the Court is not convinced that an immediate, emergency injunction of the noise ordinance is necessary.

Munn has failed to substantiate his claims of threatened injuries, and

therefore has not demonstrated that the threatened injuries outweigh the harm to the City of Oceans Springs if it is enjoined from enforcing its ordinance. Noise ordinances such as this one are meant to secure an appropriate noise level in the neighborhoods of the communities they govern. Munn has not demonstrated that an injunction of *all* enforcement of the ordinance at issue would not disserve public interest of the citizens of Ocean Springs. Again, the Court does not make a determination regarding the constitutionality of the noise ordinance at this juncture, but under these circumstances, the Court is not convinced that emergency injunctive relief is appropriate. Accordingly, the Motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction [10] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE