IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHEN MUNN & PURPLE
PELICAN, INC.                                                                                    PLAINTIFFS

V.                                                                    CAUSE NO. 1:12CV97-LG-JMR

CITY OF OCEAN SPRINGS,
MISSISSIPPI                                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [41] filed by Defendant City of Ocean Springs, Mississippi ("the City") pursuant to Federal Rule of Civil Procedure 56.  Plaintiffs Stephen Munn ("Munn"), individually, and Purple Pelican, Inc. ("Purple Pelican") filed a complaint against the City seeking declaratory and injunctive relief on the grounds that the City's noise ordinance is unconstitutional.  The City submits that it is entitled to judgment as a matter of law because Munn and the Purple Pelican have failed to show the existence of any genuine issue of material fact for trial.  Plaintiffs have filed a response in opposition to the Motion, and the City has filed a reply. Having reviewed the parties' submissions and the relevant legal authority, the Court finds that the City's Motion for Summary Judgment should be granted.

BACKGROUND

Plaintiff Munn is the president and manager of the Purple Pelican, a lounge in Ocean Springs that features musical entertainment.  According to the complaint, the Purple Pelican operates under a valid lease, and its use of the property complies

with the relevant zoning restrictions. (Compl. 2 (¶3), ECF No. 1-2). Plaintiffs complain that they "have been subjected to past and present threats of criminal prosecution" under the City's noise ordinance, (*id.* (¶4)), which they argue is unconstitutionally vague or overbroad. (*Id.* at 3 (¶7)). They allege that the City's enforcement of the unconstitutional ordinance places Munn at risk of criminal sanctions and adversely affects the operation of the Purple Pelican. (Compl. 3 (¶¶7-8), ECF No. 1-2). According to the record, Munn was cited for a violation of the noise ordinance in November 2011 during a musical event at the Purple Pelican, but those charges were later dismissed.[1] Plaintiffs submit that the Purple Pelican "continue[s] to operate under the threat of further malicious, arbitrary, and capricious prosecution," (*id.* at 2 (¶5)), but that continued enforcement of the ordinance "will irreparably harm Plaintiffs and their ability to fulfill their obligations under [their] lease." (*Id.* at 2 (3)). In their complaint, Plaintiffs allege the ordinance violates the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article III, Section XIV of the Mississippi Constitution. Plaintiffs filed their complaint in the Chancery Court of Jackson County, Mississippi, and the City removed it this Court.

The City now moves for summary judgment, and submits that this action is "strictly a question of law," and that it has demonstrated the noise ordinance is

---

[1] After the briefing on the Motion for Summary Judgment was submitted, Plaintiffs filed a [57] Motion to Submit Additional Evidence, and attached an affidavit in which Munn states that a police officer threatened to issue him a citation again in March 2013. (Munn Aff., ECF No. 57-1).

constitutional under federal and state precedent. (Defs.' Mem. 13, ECF No. 42). Therefore, the City argues, it is entitled to summary judgment. The City's memorandum of law rests largely on the same arguments it presented in response to Plaintiffs' Motion for Preliminary Injunction filed earlier in these proceedings. (*See* Mot. for Prelim. Inj., ECF No. 10). The Court denied that motion, which sought to enjoin any enforcement of the ordinance, on the grounds that Plaintiffs had failed to demonstrate a substantial likelihood of success on the merits. (*See* Order on Mot. for Prelim. Inj., ECF No. 22).

## THE LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); see also Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

**DISCUSSION**

The City moves for summary judgment on the grounds that, as a matter of law, its noise ordinance is constitutional, and there is no issue of fact for trial. The City argues that the United States Supreme Court, as well as the United States Court of Appeals for the Fifth Circuit, have upheld the "reasonable person" standard used in the ordinance, citing *Coates v. City of Cincinnati*, 402 U.S. 611 (1971) and *Reeves v. McConn*, 631 F.2d 377 (5th Cir. 1980). Plaintiffs respond that the "reasonable person" standard does not make the ordinance constitutional, and that regardless of what the federal courts have held, "Mississippi has the right to define the extent of its own Constitutional Due Process protections." (Pls.' Mem. 12, ECF No. 45). They argue that the Ocean Springs ordinance is similar to an ordinance the Mississippi Supreme Court found unconstitutional in *Nichols v. City of Gulfport*, 589 So. 2d 1280 (Miss. 1991), and that the ordinance is void because it is vague. Plaintiffs also submit that their complaint brings an as-applied challenge to the constitutionality of the ordinance in addition to a facial challenge, but as the City points out, most of Plaintiffs' arguments focus on the language of the ordinance.

The ordinance at issue states:

> (a) It shall be unlawful for any person to make, cause, or, on premises under his or her legal control, permit to be made any unreasonable noise or vibration audible or perceptible within the corporate limits or police jurisdiction of the city, including the waters lying within such areas.

> (b) For purposes of this section, "unreasonable noise or vibration" is defined to mean any unreasonably loud, raucous, or jarring sound or vibration which is not constitutionally protected speech in form and scope of audibility and which, under the circumstances of time, place, and manner in which it is produced and audible or perceptible, annoys, disturbs, injures, or endangers the comfort, repose, health, peace, or safety of a reasonable person of normal sensitivities within the area of audibility or perceptibility of the noise or vibration without the consent of such person.

(Pls.' Resp. Ex. 2, ECF No. 44-2). The ordinance further provides that a violation thereof can be punishable as a misdemeanor subject to a fine of up to five hundred (500) dollars or up to ninety (90) days' imprisonment, or both. (*Id.*)

*Facial Challenge:  Vagueness*

Plaintiffs first argue that the noise ordinance is impermissibly vague under the United States and Mississippi Constitutions.[2] "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Courts "insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id.*  Moreover, the standards for applying laws must be "explicit" in order to prevent "arbitrary and discriminatory

---

[2] Plaintiffs also contend that the ordinance is unconstitutionally overbroad, but the arguments they provide with respect to overbreadth actually go to vagueness, and therefore the Court considers them on that basis.  Plaintiffs have not demonstrated that the noise ordinance regulates *substantially* more speech than is constitutionally permissible, and therefore have not convinced the Court that the ordinance is overbroad.  *See Broadrick v. Okla.*, 413 U.S. 601, 615 (1973)(emphasis added).

enforcement." *Id.*

The Ocean Springs ordinance is content-neutral, and prohibits "unreasonable" noises which are "unreasonably loud, raucous, or jarring," and which "annoy[], disturb[], injure[], or endanger[]" the peace of a reasonable person. Plaintiffs argue that the "reasonable person" standard is vague. They point to *Tanner v. City of Va. Beach*, 674 S.E. 2d 848, 853 (Va. 2009), in which the Supreme Court of Virginia held that a noise ordinance prohibiting "unreasonably loud, disturbing and unnecessary noise" was unconstitutional, and that "references . . . to 'reasonable persons' . . . [did] not provide a degree of definiteness sufficient to save the ordinance from the present vagueness challenge." 674 S.E. 2d at 853.

Plaintiff argues that "throwing in a 'reasonable man' standard into an ordinance should not magically take [it] out of the realm of scrutiny." (Pl.'s Reply 5, ECF No. 19). As with any statute that provides for criminal sanctions, vagueness in the wording of a noise ordinance creates a risk of inconsistent or arbitrary law enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (holding California loitering statute unconstitutional, and stating that "the more important aspect of vagueness doctrine is . . . the requirement that a legislature establish minimal guidelines to govern law enforcement," and not allow a "standardless sweep" in which the police are allowed "to pursue their personal predilections.") (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). The Court also concedes that a vague noise ordinance "can exert a chilling effect that discourages individuals who are not present before the Court from exercising their First Amendment rights for fear of

arbitrary enforcement." *DA Mortgage, Inc. v. City of Miami Beach*, 486 F.3d 1254, 1271 (11th Cir. 2007) (citing *Grayned*, 408 U.S. at 109). However, the Fifth Circuit and other courts have held the "reasonable person" standard to be constitutional in the context of noise ordinances. *See Reeves v. McConn*, 631 F.2d 377 (5th Cir. 1980) (holding a noise ordinance that required "sound amplification to be controlled so that it [was] not unreasonably loud" was not unconstitutionally vague, and noting that the "Supreme Court has approved the use of the word 'unreasonably' in similar statutes that are otherwise precise and narrowly drawn.") (citing *Cameron v. Johnson*, 390 U.S. 611, 615-16 (1968)). *See also DA Mortgage, Inc.*, 486 F.3d at 1272 (reviewing a Miami Beach noise ordinance); *Howard Opera Assocs. v. Urban Outfitters, Inc.,* 322 F.3d 125, 128 (2nd Cir. 2003) (upholding ordinance prohibiting "unreasonable noise"); *Jim Crockett Promotion, Inc. v. City of Charlotte,* 706 F.2d 486, 489 (4th Cir. 1983) (finding that term "unreasonably loud" is not impermissibly vague); *Sharkey's Inc. v. City of Waukesha,* 265 F.Supp.2d 984, 993-994 (E.D. Wis. 2003). The Supreme Court of Virginia held otherwise in *Tanner*, discussed *supra*. But the *Tanner* decision is not binding precedent, and the Court is not persuaded that under controlling Fifth Circuit law that it should find the reasonable person standard in the Ocean Springs ordinance to be unconstitutionally vague.[3]

---

[3] Plaintiff is correct that the United States Supreme Court has also held the term "annoying" to be unconstitutionally vague. *See Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971) (holding an ordinance prohibiting conduct that was "annoying to persons passing by" was unconstitutionally vague because "[c]onduct that annoys some people does not annoy others.") However, the language in the ordinance at issue in *Coates* was much broader than the ordinance at issue in this

Plaintiffs also argue that, regardless of what federal courts have held with respect to what is permitted under the United States Constitution, such findings are not binding on the Mississippi Supreme Court's interpretation of the Mississippi Constitution. They rely on *Nichols v. City of Gulfport*, 589 So.2d 1280 (Miss. 1991), in which the Supreme Court of Mississippi held a noise ordinance passed by the City of Gulfport to be unconstitutionally vague under the Mississippi Constitution and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs contend that the Ocean Springs ordinance is "essentially the same" as the ordinance invalidated by the *Nichols* court. 589 So. 2d at 1284. That ordinance prohibited "*unnecessary or unusual* noises . . . which either *annoys*, injures or endangers the comfort, repose, health or safety of others . . ." *Id.* at 1282. The Mississippi Supreme Court held that this language did not "provide clear notice and sufficiently definite warning of the conduct that is prohibited." *Id.*

The language of the noise ordinance at issue here is different from the ordinance in *Nichols*. The Ocean Springs ordinance prohibits "unreasonable" noises which are "unreasonably loud, raucous, or jarring," and which "annoy[], disturb[], injure[], or endanger[]" the peace of a reasonable person. It prohibits *unreasonable* noises, while the Gulfport ordinance struck down in *Nichols* prohibited *unnecessary* or *unusual* noises. In holding the Gulfport ordinance to be unconstitutional, the

---

case, and the Ocean Springs ordinance does not solely prohibit "annoying" conduct; it also includes conduct that "injures," "disturbs" and "endangers" the repose or peace of the reasonable person.

Mississippi Supreme Court focused on the terms "unusual," "unnecessary," and "annoys." The *Nichols* Court stated: "[t]he adjectives 'unnecessary' and 'unusual' modifying the noun 'noises' are inherently vague and elastic and require men of common intelligence to guess at their meaning. The same may be said of the verb 'annoys.' *Id.* at 1283 (citing *United Pentecostal Church v. Steendam*, 214 N.W.2d 866 (1974)). In contrast, the Ocean Springs ordinance does not use the terms "unnecessary" or "unusual." The only adjective the Ocean Springs ordinance uses to define the prohibited level of noise is "unreasonable." Plaintiffs have not cited any Mississippi case law that addresses, or questions, the constitutionality of the "reasonable person" standard in the noise ordinance. Consequently, this Court is not convinced, that based solely on the narrow holding in *Nichols*, that the Ocean Springs ordinance is unconstitutionally vague.

While this presents a difficult case, the Court finds that, when reading the ordinance at issue in its entirety, it is sufficient to provide notice as to what is prohibited within the City of Ocean Springs. While its words of the ordinance do not provide "mathematical certainty," the Court cannot say that it is so vague that persons of ordinary intelligence cannot understand its meaning. *See Grayned*, 408 U.S. at 110. In so finding, the Court is mindful of the City's "substantial interest in protecting its citizens from unwelcome noise," and that this interest "is perhaps at its greatest when [it] seeks to protect the 'well-being, tranquility, and privacy of the home,'" but also allows it to "protect even such traditional public forums as city streets and parks from excessive noise." *Ward v. Rock Against Racism*, 491 U.S.

781, 796 (1989) (citing *Frisby v. Schultz*, 487 U.S. 474, 484 (1988); *Kovacs v. Cooper*, 336 U.S. 77, 86-87 (1949)). In the opinion of the Court the Ocean Springs ordinance is not so vague to render it facially unconstitutional under the First, Fifth, and Fourteenth Amendments to the United States Constitution or Section XIV of the Mississippi Constitution.

*As-Applied Challenge*

Plaintiffs submit in their response to the summary judgment motion that, in addition to their facial challenge, they also bring an "as-applied" challenge to the ordinance. "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 803 & n. 22 (1984)). Plaintiffs' briefing is not specific as to what constitutional violation is alleged in the "as-applied" challenge, but they argue that they have been subjected to "unpredictable" and "arbitrary" unconstitutional enforcement of the ordinance. It is not clear whether Plaintiffs attempt to bring an Equal Protection claim. In its reply brief, the City argues that Plaintiffs do not bring an as-applied challenge because "it is clear that [Plaintiffs'] problem is with the wording of the ordinance itself, which they believe is so vague that it leads to unconstitutional enforcement." (Def.'s Reply 1, ECF No. 56).

Plaintiffs appear to argue that there is a factual issue precluding summary judgment because there is a question of fact as to whether the officer who issued the

-10-

citation in November 2011 actually believed the music was "unreasonably loud." (Pls.' Mem. 6, ECF No. 45). The City responds that police officers must use discretion in enforcing the noise ordinance, as they do with many ordinances, and this does not make the ordinance unconstitutional. *See Chicago v. Morales*, 527 U.S. 41, 47 (1999).

The Court agrees that the discretionary nature of the enforcement of the noise ordinance does not necessarily render it unconstitutional. Moreover, whether or not the police officer who issued the citation *personally* believed the music was too loud is not relevant. The ordinance prohibits noise that would disturb a "reasonable person," and as discussed above, numerous courts have upheld that "reasonable person" standard. Moreover, the Court has reviewed the deposition testimony of Officer Grimes, which Plaintiffs submitted as an exhibit to their response to the summary judgment motion. Officer Grimes issued the November 2011 citation of which Plaintiffs complain. Officer Grimes testified that he responded to a complaint about noise at the Purple Pelican in the early morning hours of November 27, 2011, and that he visited the Purple Pelican multiple times beginning at approximately 3:40 a.m. (Pls.' Resp. Ex. 10, 23, ECF No. 44-10). He testified that on his first visit, he informed the security guard at the Purple Pelican of the noise complaint, and then left the premises. (*Id.*) The police received a second complaint, so he returned to the Purple Pelican and found the music to be louder than before, so he issued a warning to an unidentified Purple Pelican employee. (*Id.* at 23-24). Officer Grimes testified that the police received another noise complaint

at 4:40am, so he returned to the Purple Pelican and, after a conversation with Munn, issued the citation. (*Id.* at 24). Officer Grimes also testified that before he issued the citation, he drove around the surrounding neighborhood, and determined that he could hear the Purple Pelican's music from a distance of three (3) or four (4) blocks away. (*Id.* at 57-59).

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the [41] Motion for Summary Judgment filed by Defendant City of Ocean Springs is **GRANTED**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that the [57] Motion to Submit Additional Evidence filed by Plaintiffs is **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED** this the 31st day of May, 2013.

                                             s/ *Louis Guirola, Jr.*
                                             LOUIS GUIROLA, JR.
                                             CHIEF U.S. DISTRICT JUDGE